**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**CIVIL ACTION NO.** 26cv4754 ECT/DLM

MARK R. GILLITZER,
Plaintiff,

**JURY TRIAL DEMANDED**

v.

RECEIVED
NOV 09 2026
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

CARL ZEISS VISION INC.,
Defendant.

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION, FAILURE TO ACCOMMODATE, UNLAWFUL RETALIATION, AND HOSTILE WORK ENVIRONMENT

Plaintiff Mark R. Gillitzer, proceeding pro se, for his Complaint against Defendant Carl Zeiss Vision Inc., alleges as follows:

## I. JURISDICTION AND VENUE

1. This civil action arises under Title I and Title V of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 et seq., and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 et seq.

2. Subject matter jurisdiction over Plaintiff's federal ADA claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 42 U.S.C. § 12117.

3. Supplemental jurisdiction over Plaintiff's state law MHRA claims is conferred pursuant to 28 U.S.C. § 1367(a), as the state claims derive from a common nucleus of operative facts with the federal claims.

4. Venue is proper in the U.S. District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b) because Defendant maintains an active manufacturing facility in St. Cloud, Minnesota, and the unlawful employment practices occurred entirely within this judicial district.

## II. ADMINISTRATIVE EXHAUSTION

SCANNED
NOV 09 2026
U.S. DISTRICT COURT MPLS

5. On or about June 16, 2026, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC Charge No. 444-2026-00806) alleging disability discrimination, bad-faith failure to accommodate, hostile work environment, and retaliatory discharge.

6. On September 15, 2026, the EEOC Minneapolis Area Office issued a Determination and Notice of Rights (Notice of Right to Sue).

7. Plaintiff received the EEOC Notice on September 15, 2026, and files this civil action within ninety (90) days of receipt, satisfying all statutory administrative prerequisites.

## III. PARTIES

8. Plaintiff Mark R. Gillitzer is an adult resident of the State of Minnesota, residing in Saint Cloud, Minnesota. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of 42 U.S.C. § 12102 and Minn. Stat. § 363A.03, subd. 12.

9. Defendant Carl Zeiss Vision Inc. (ZEISS) is a foreign corporation authorized to do business in Minnesota, operating a paperless optics manufacturing facility at 4605 Rusan Street, St. Cloud, MN 56303. Defendant employs more than 15 employees and is an 'employer' subject to the ADA and MHRA.

## IV. FACTUAL ALLEGATIONS

### *A. Protected Disability & Automated Corporate Notice*

10. On June 24, 2024, Defendant hired Plaintiff as a full-time Maintenance Technician I at its St. Cloud manufacturing facility.

11. **Systemic Workday Notice:** On his hire date (June 24, 2024), Defendant officially registered notice in its automated Workday Disability Registry system that Plaintiff is an individual with a protected disability requiring workplace support, specifically 'Verbal Expression'.

12. Plaintiff has clinical diagnoses of Autism Spectrum Disorder (ASD, Requiring Support), Major Depressive Disorder, and Social Anxiety Disorder (verifiable by clinical assessment dated Oct 23, 2024), which substantially limit major life

activities including verbal communication, social interaction, and executive function under stress.

### *B. Written Disability Disclosures & Interactive Process Double Standard*

13. **Written HR Disclosure:** On March 18, 2025, Plaintiff sent a formal written disclosure to HR Business Partner Julie Kerr, explicitly stating: 'I have autism spectrum disorder. One of the biggest obstacles in advocating for myself is that my communication breaks down when I get overwhelmed.'

14. Despite having explicit written notice of Plaintiff's verbal communication limitations, Defendant acted in bad faith during the interactive process by forcing Plaintiff to navigate a rigid, third-party phone system (The Hartford / Cigna) for rest-break accommodations.

15. **PWFA vs. ADA Double Standard:** Concurrently, Defendant maintained a streamlined, in-house accommodation process for pregnancy-related rest breaks under the PWFA, creating an unlawful accommodation double standard that penalized Plaintiff's autistic communication profile.

### *C. Targeted Career Stagnation & Disparate Treatment*

16. Throughout 2024 and 2025, Plaintiff performed his duties competently, receiving a 'Meets Expectations' performance review signed by supervisor Aaron Kreiling.

17. However, supervisor Aaron Kreiling systematically blocked Plaintiff from specialized equipment training (MEI Chicago and Refer Certification), updating Plaintiff's Workday performance evaluation on September 30, 2025, to keep 'Outside Training' in a permanent 'To be discussed' status while routinely sending neurotypical technicians to outside certifications.

18. **Promotional Blocking & Economic Injury:** Immediately following Plaintiff's termination, Defendant posted a job listing on Indeed for a 'Technician II, Maintenance' role in St. Cloud paying $22.00 to $28.00 per hour, proving Plaintiff was discriminatorily blocked from promotional advancement.

### *D. Protected Opposition & 24-Hour Retaliatory Discharge*

**19.** On October 6, 2025, supervisor Aaron Kreiling issued Plaintiff a disciplinary warning regarding medical rest breaks. When Plaintiff objected, Kreiling stated: 'I'm actually writing you up. It's not a threat.'

**20.** **Formal Written Complaint:** On October 8, 2025, at 12:33 PM, Plaintiff engaged in protected activity by sending a formal written complaint of medical discrimination to Julie Kerr, stating: 'You guys can't discriminate against someone for their medical condition.'

**21.** **24-Hour Retaliatory Discharge:** Less than 24 hours later, on October 9, 2025, at 12:39 PM, Julie Kerr issued Plaintiff an official notice of summary involuntary termination.

### *E. Pretext Dismantled by Binding State Ruling (Res Judicata)*

**22.** Defendant claimed Plaintiff was terminated for a conduct 'outburst' during an accommodation review meeting on October 9, 2025.

**23.** **Binding ULJ Finding of No Misconduct:** Following an evidentiary hearing under oath, a Minnesota Unemployment Law Judge (ULJ) issued a binding decision on January 27, 2026 (DEED Document ID 172404449), ruling that Plaintiff has diagnosed ASD, was not yelling or swearing, that his communicative shutdown was an unavoidable symptom of his medical condition, and that Plaintiff committed no employment misconduct under Minn. Stat. § 268.095.

**24.** Under Eighth Circuit precedent (Huber v. Westar Foods, Inc.), because Plaintiff's communicative shutdown was inextricably intertwined with his protected disability, Defendant's conduct-based pretext fails as a matter of law.

## V. CAUSES OF ACTION

### *COUNT I: DISABILITY DISCRIMINATION & DISPARATE TREATMENT*
### *(ADA, 42 U.S.C. § 12112(a) & MHRA, Minn. Stat. § 363A.08, subd. 2)*

**25.** Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

**26.** Plaintiff is a qualified individual with a disability under the ADA and MHRA.

**27.** Defendant subjected Plaintiff to adverse employment actions—including disciplinary warnings, denial of promotional equipment training, wage stagnation, and discharge—because of his protected disability.

28. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered substantial economic loss, severe emotional distress, humiliation, and loss of enjoyment of life.

***COUNT II: FAILURE TO ACCOMMODATE & INTERACTIVE PROCESS BAD FAITH***

***(ADA, 42 U.S.C. § 12112(b)(5)(A) & MHRA, Minn. Stat. § 363A.08, subd. 6)***

29. Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30. Defendant had automated Workday notice and written HR notice of Plaintiff's ASD communication barriers.

31. Defendant failed to engage in a good-faith interactive process by erecting third-party phone intake barriers while exempting other conditions, failing to provide reasonable rest-break accommodations.

32. Under the Eighth Circuit intertwinement doctrine, Defendant unlawfully penalized Plaintiff for symptoms inextricably bound to his disability.

***COUNT III: UNLAWFUL RETALIATION & REPRISAL***

***(ADA Title V, 42 U.S.C. § 12203 & MHRA, Minn. Stat. § 363A.15)***

33. Plaintiff realleges paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff engaged in statutorily protected activity on October 8, 2025, by submitting a written medical discrimination complaint to HR.

35. Defendant retaliated against Plaintiff by terminating his employment less than 24 hours later on October 9, 2025.

36. Under Minn. Stat. § 363A.15, Plaintiff is entitled to full compensatory damages, jury trial, and treble (3x) economic damages for retaliatory discharge, bypassing federal Title V limitations (Alvarado v. Cajun Operating Co.).

***COUNT IV: HOSTILE WORK ENVIRONMENT BASED ON DISABILITY***

***(ADA Title I & MHRA, Minn. Stat. § 363A.03, subd. 43)***

37. Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendant subjected Plaintiff to severe and pervasive harassment based on his disability, including heightened surveillance, medical break discipline stripping bonus eligibility, supervisor intimidation, and career blocking.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Carl Zeiss Vision Inc., awarding the following relief:

**A.** Full back pay, lost wages, overtime, and lost performance bonuses calculated under the Technician II promotion rate;

**B.** Front pay and future economic damage remedies for loss of earnings trajectory;

**C.** Uncapped compensatory damages for emotional distress, pain, suffering, and loss of enjoyment of life under the MHRA;

**D.** Treble (3x) economic and compensatory damages as authorized by Minn. Stat. § 363A.33;

**E.** Statutory attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 and Minn. Stat. § 363A.33;

**F.** Prejudgment and post-judgment interest as allowed by law; and

**G.** Such other and further legal or equitable relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: November 2, 2026

**Respectfully submitted,**

**Mark R. Gillitzer, Plaintiff Pro Se**
8945 Ivy Road
Saint Cloud, MN 56301
Phone: (320) 339-0257
Email: homerbogg@outlook.com