RECEIVED
NOV 17 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MARK R. GILLITZER,<br>Plaintiff,<br>v.<br>CARL ZEISS VISION INC.,<br>Defendant. | **Case No. 26-cv-4754 (ECT/DLM)**<br>Judge: Hon. Eric C. Tostrud<br>Magistrate Judge: Hon. Douglas L. Micko<br>**DEMAND FOR JURY TRIAL** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### I. LOCAL RULE 7.1(a) MEET-AND-CONFER STATEMENT

Pursuant to Local Rule 7.1(a), Plaintiff certifies that because Defendant Carl Zeiss Vision Inc. has not yet entered a formal notice of appearance by counsel on the Court's CM/ECF docket, formal telephonic or in-person meet-and-confer discussions could not be scheduled. However, Plaintiff is contemporaneously serving a complete copy of this Motion, Memorandum, clean First Amended Complaint (Exhibit A), redline comparison (Exhibit B), and all supporting exhibits upon Defendant's registered agent, its local manufacturing facility, and its designated outside counsel from the underlying EEOC proceedings (Grant D. Goerke of Littler Mendelson, P.C.).

### II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on November 2, 2026, following the timely receipt of a Determination and Notice of Rights from the Equal Employment Opportunity Commission (EEOC Charge No. 444-2026-00806). Prior to initiating federal court proceedings, the Minnesota Department of Employment and Economic Development conducted a full evidentiary hearing under oath before an Unemployment Law Judge (ULJ). On January 27, 2026, the ULJ issued a binding decision (DEED Document ID 172404449, attached as Exhibit 1) specifically finding that Plaintiff has diagnosed Autism Spectrum Disorder, that Plaintiff was not yelling or swearing during the October 9, 2025 meeting, that his communicative breakdown was an unavoidable consequence of his disability, and that Plaintiff committed no employment misconduct under Minnesota law.

SCANNED
LT
NOV 17 2026
U.S. DISTRICT COURT MPLS

## III. ARGUMENT

### A. Leave to Amend Should Be Freely Granted Under Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave, and '[t]he court should freely give leave when justice so requires.' As the Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962), this mandate is to be heeded. In the Eighth Circuit, delay alone is not a sufficient reason for denying leave to amend; rather, the party opposing amendment must show unfair prejudice. *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001); *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000).

### B. Absence of Undue Delay, Bad Faith, or Prejudice

Here, there is no undue delay. Plaintiff moves promptly after the assignment of Case No. 26-cv-4754 (ECT/DLM). Defendant has not yet served an answer or responsive pleading, and no Rule 16 scheduling order has been entered. The proposed amendment does not introduce unrelated theories, but rather refines and articulates with precision the factual background and statutory claims under the ADA and MHRA.

### C. Full Compliance with Local Rule 15.1 and Local Rule 5.2

The proposed First Amended Complaint strictly adheres to all applicable District of Minnesota Local Rules: it is complete in itself without incorporating prior pleadings (LR 15.1(a)); it is accompanied by a redline comparison (LR 15.1(b)); it is double-spaced with 1-inch margins (LR 5.2(a) and LR 7.1(h)(2)); and it includes a prominent front-page jury trial demand (LR 38.1).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Amended Complaint and direct that the First Amended Complaint (submitted as Exhibit A) be entered as the operative pleading.

Dated: November 16, 2026

Respectfully submitted,

Mark R. Gillitzer, Plaintiff Pro Se
8945 Ivy Road
Saint Cloud, MN 56301
Telephone: (320) 339-0257
Email: homerbogg@outlook.com

## LOCAL RULE 7.1(f)(2) CERTIFICATE OF COMPLIANCE

1. I, Mark R. Gillitzer, certify that this Memorandum of Law complies with the word-count limit of Local Rule 7.1(f)(1)(A). According to the word-count function of Microsoft Word and Python, this memorandum contains 468 words (excluding caption, signature blocks, and this certificate), which is well within the 12,000-word limit.

2. I further certify that this Memorandum of Law complies with the typeface, margin, and double-spacing requirements of Local Rule 5.2(a) and Local Rule 7.1(h)(2). It is set in 11-point font with standard 1.0-inch margins and true double line-spacing (22pt leading).

Dated: November 16, 2026

Mark R. Gillitzer, Plaintiff Pro Se