RECEIVED BY MAIL
NOV 2 3 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ~~UNITED STATES DISTRICT COURT~~<br>~~FOR THE DISTRICT OF MINNESOTA~~<br>MARK R. GILLITZER,<br>Plaintiff,<br><br>v.<br><br>CARL ZEISS VISION INC.,<br>Defendant. | ~~CIVIL ACTION NO. ________________~~<br><br>Case No. 26-cv-4754 (ECT/DLM)<br>Judge: Hon. Eric C. Tostrud<br>Magistrate Judge: Hon. Douglas L. Micko<br>**DEMAND FOR JURY TRIAL** |

**~~COMPLAINT~~FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION, FAILURE TO ACCOMMODATE, UNLAWFUL RETALIATION, AND HOSTILE WORK ENVIRONMENT**

DEMAND FOR JURY TRIAL (PURSUANT TO LOCAL RULE 38.1)

Plaintiff Mark R. Gillitzer, proceeding pro se, for his ~~Complaint~~First Amended Complaint against Defendant Carl Zeiss Vision Inc., alleges as follows:

## I. JURISDICTION AND VENUE

1. This civil action arises under Title I and Title V of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 et seq., and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 et seq.

2. Subject matter jurisdiction over Plaintiff's federal ADA claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 42 U.S.C. § 12117.

3. Supplemental jurisdiction over Plaintiff's state law MHRA claims is conferred pursuant to 28 U.S.C. § 1367(a), as the state claims derive from a common nucleus of operative facts with the federal claims.

4. Venue is proper in the U.S. District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b) because Defendant maintains an active manufacturing facility in St. Cloud, Minnesota, and the unlawful employment practices occurred entirely within this judicial district.

## II. ADMINISTRATIVE EXHAUSTION

5. On or about June 16, 2026, Plaintiff timely filed a formal Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC Charge No. 444-2026-00806) alleging



SCANNED
NOV 2 3 2026
U.S. DISTRICT COURT MPLS

disability discrimination, bad-faith failure to accommodate, hostile work environment, and retaliatory discharge.

6. On September 15, 2026, the EEOC Minneapolis Area Office issued a formal Determination and Notice of Rights (Notice of Right to Sue) regarding Charge No. 444-2026-00806 (Exhibit 12).

7. Plaintiff received the EEOC Notice of Right to Sue on September 15, 2026, and ~~files~~commenced this civil action within ninety (90) calendar days of receipt, satisfying all statutory administrative prerequisites.

## III. PARTIES

8. Plaintiff Mark R. Gillitzer is an adult resident of the State of Minnesota, residing in Saint Cloud, Minnesota. At all ~~relevant times~~times relevant hereto, Plaintiff was a qualified individual with a disability within the meaning of 42 U.S.C. § 12102 and Minn. Stat. § 363A.03, subd. 12.

9. Defendant Carl Zeiss Vision Inc. (ZEISS) is a foreign corporation authorized to ~~do~~conduct business in Minnesota, operating a ~~paperless~~commercial optics manufacturing facility at 4605 Rusan Street, St. Cloud, MN 56303. Defendant employs more than 15 employees and is an 'employer' ~~subject to the ADA and MHRA.~~within the meaning of the ADA, 42 U.S.C. § 12111(5), and the MHRA, Minn. Stat. § 363A.03, subd. 16.

## IV. FACTUAL ALLEGATIONS

### A. Protected Disability & Automated Corporate Notice

10. On June 24, 2024, Defendant hired Plaintiff as a full-time Maintenance Technician I at its St. Cloud, Minnesota manufacturing facility.

11. Systemic Workday Notice: On his hire date ~~(June 24, 2024)~~of June 24, 2024, Defendant officially registered notice in its automated Workday Disability Registry system that Plaintiff is an individual with a protected disability requiring workplace support, specifically designated as 'Verbal Expression' (Exhibit 3).

12. Plaintiff has clinical diagnoses of Autism Spectrum Disorder (ASD, Requiring Support), Major Depressive Disorder, and Social Anxiety Disorder (verifiable by clinical assessment dated Oct 23, 2024, Exhibit 2), which substantially limit major life activities including verbal communication, social interaction, and executive function under stress.

### B. Written Disability Disclosures & ~~Interactive Process Double Standard~~Accommodation Double Standard

13. Written HR Disclosure: On March 18, 2025, Plaintiff ~~sent~~submitted a formal written disclosure to HR Business Partner Julie Kerr (Exhibit 4), explicitly stating:

> *"I have autism spectrum disorder. One of the biggest obstacles in advocating for myself is that my communication breaks down when I get overwhelmed."*

14. Despite having explicit written notice of Plaintiff's verbal communication limitations, Defendant acted in bad faith during the interactive process by forcing Plaintiff to navigate a rigid, third-party phone system (The Hartford / Cigna, Exhibit 5) for rest-break accommodations.

15. PWFA vs. ADA Double Standard: Concurrently, Defendant maintained a streamlined, in-house accommodation process for pregnancy-related rest breaks under the PWFA (Exhibit 5), creating an unlawful accommodation double standard that penalized Plaintiff's autistic communication profile.

**C. Targeted Career Stagnation & Disparate Treatment**

16. Throughout 2024 and 2025, Plaintiff performed his ~~duties competently, receiving a~~essential job duties competently, receiving an overall 'Meets Expectations' performance ~~review~~appraisal signed by supervisor Aaron Kreiling (Exhibit 9).

17. However, supervisor Aaron Kreiling systematically blocked Plaintiff from specialized equipment training (MEI Chicago and Refer Certification), updating Plaintiff's Workday performance evaluation on September 30, 2025, to keep 'Outside Training' in a permanent 'To be discussed' status while routinely sending neurotypical technicians to outside certifications (Exhibit 9, Exhibit 10).

18. Promotional Blocking & Economic Injury: Immediately following Plaintiff's termination, Defendant posted a job listing on Indeed for a 'Technician II, Maintenance' role in St. Cloud paying $22.00 to $28.00 per hour (Exhibit 11), proving Plaintiff was discriminatorily blocked from promotional advancement.

**D. Protected Opposition & 24-Hour Retaliatory Discharge**

19. On October 6, 2025, supervisor Aaron Kreiling issued Plaintiff a disciplinary warning regarding medical rest breaks. When Plaintiff objected, Kreiling stated: 'I'm actually writing you up. It's not a threat.' (Exhibit 12).

20. Formal Written Discrimination Complaint: On October 8, 2025, at 12:33 PM, Plaintiff engaged in ~~protected activity~~statutorily protected opposition by sending a formal written complaint ~~of medical discrimination~~ to Julie Kerr (Exhibit 6), stating:

> *"I have to take medication throughout the day and I have been using my personal breaks to take care of this... You guys can't discriminate against someone for their medical condition."*

21. 24-Hour Retaliatory Discharge: Less than 24 hours later, on October 9, 2025, at 12:39 PM, Julie Kerr issued Plaintiff an official notice of summary involuntary termination (Exhibit 7).

**E. Pretext Dismantled by Binding State ~~Ruling (Res Judicata)~~Administrative Ruling**

22. Defendant claimed Plaintiff was terminated for a conduct 'outburst' during an accommodation review meeting on October 9, 2025 (Exhibit 8, Exhibit 12).

23. Binding ULJ Finding of No Misconduct: Following an evidentiary hearing under oath, a Minnesota Unemployment Law Judge (ULJ) issued a binding decision on January 27, 2026 (DEED Document ID 172404449, Exhibit 1), ~~ruling that Plaintiff has diagnosed ASD, was not yelling or swearing, that his communicative shutdown was an unavoidable symptom of his medical condition, and that Plaintiff committed no employment misconduct under Minn. Stat. § 268.095.~~making specific findings of fact:

> *"Gillitzer has a diagnosed autism spectrum disorder... Gillitzer was not yelling or swearing during the meeting... Gillitzer had become overwhelmed during the meeting and had mentally shut down. He had asked to leave the meeting due to his inability to communicate but was not approved to do so. His conduct was a consequence of his medical condition... Gillitzer's conduct does not amount to employment misconduct."*

24. Under Eighth Circuit precedent (Huber v. Westar Foods, Inc.), because Plaintiff's communicative shutdown was inextricably intertwined with his protected disability, Defendant's conduct-based pretext fails as a matter of law.

**V. CAUSES OF ACTION**

**COUNT I: DISABILITY DISCRIMINATION & DISPARATE TREATMENT**

**(ADA, 42 U.S.C. § 12112(a) & MHRA, Minn. Stat. § 363A.08, subd. 2)**

25. Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff is a qualified individual with a disability ~~under the ADA and MHRA.~~within the meaning of 42 U.S.C. § 12102 and Minn. Stat. § 363A.03, subd. 12.

27. Defendant subjected Plaintiff to disparate treatment and adverse employment actions—including disciplinary warnings, denial of promotional equipment training, wage stagnation, and discharge—because of his protected disability.

28. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered substantial economic loss, severe emotional distress, humiliation, and loss of enjoyment of life.

**COUNT II: FAILURE TO ACCOMMODATE & INTERACTIVE PROCESS BAD FAITH**

**(ADA, 42 U.S.C. § 12112(b)(5)(A) & MHRA, Minn. Stat. § 363A.08, subd. 6)**

29. Plaintiff realleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. Defendant had both automated Workday corporate notice and written HR notice of Plaintiff's ASD communication barriers.

31. Defendant failed to engage in a good-faith interactive process by erecting third-party phone intake barriers while exempting other conditions, failing to provide reasonable rest-break accommodations.

32. Under the Eighth Circuit intertwinement doctrine, Defendant unlawfully penalized Plaintiff for symptoms inextricably bound to his disability.

**COUNT III: UNLAWFUL RETALIATION & REPRISAL**

**(MHRA Reprisal, Minn. Stat. § 363A.15 & ADA Title V, 42 U.S.C. § 12203)**

33. Plaintiff realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff engaged in statutorily protected ~~activity~~opposition under the ADA and MHRA on October 8, 2025, by submitting a ~~written medical discrimination complaint to HR.~~formal written complaint challenging medical break discrimination.

35. Defendant retaliated against Plaintiff by terminating his employment less than 24 hours later on October 9, 2025.

36. Under Minn. Stat. § 363A.15, Plaintiff is entitled to full ~~compensatory~~legal damages, trial by jury-~~trial~~, and treble (3x) economic damages for retaliatory discharge, bypassing federal Title V limitations (Alvarado v. Cajun Operating Co.).

**COUNT IV: HOSTILE WORK ENVIRONMENT BASED ON DISABILITY**

**(ADA Title I & MHRA, Minn. Stat. § 363A.03, subd. 43)**

37. Plaintiff realleges and incorporates paragraphs 1 through 36 as if fully set forth herein.

38. Defendant subjected Plaintiff to severe and pervasive workplace harassment based on his disability, including heightened surveillance, medical break discipline stripping bonus eligibility, supervisor intimidation, and career blocking.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Carl Zeiss Vision Inc., awarding the following relief:

A. Full back pay, lost wages, overtime, and lost performance bonuses calculated under the Technician II promotion rate;

B. Front pay and future economic ~~damage remedies~~damages for loss of career advancement and earnings trajectory;

C. Uncapped compensatory damages for emotional distress, pain, suffering, mental anguish, and loss of enjoyment of life ~~under the MHRA;~~pursuant to the Minnesota Human Rights Act;

D. Treble (3x) economic and compensatory damages as authorized by Minn. Stat. § 363A.33;

E. Statutory attorney's fees, expert witness fees, litigation expenses, and costs of this action pursuant to 42 U.S.C. § 12205 and Minn. Stat. § 363A.33;

F. Pre-judgment and post-judgment interest on all accrued sums as provided by law~~as allowed by law~~; and

G. Such other and further legal or equitable relief as the Court deems just, proper, and equitable.~~and proper.~~

**VII. JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38.1 of the United States District Court for the District of Minnesota, Plaintiff hereby demands a trial by jury on all issues and claims so triable in this action.~~pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.~~

Dated: November __, 2026

Respectfully submitted,

______________________________

Mark R. Gillitzer, Plaintiff Pro Se
8945 Ivy Road
Saint Cloud, MN 56301
Telephone: (320) 339-0257
Email: homerbogg@outlook.com