RECEIVED BY MAIL
NOV 2 3 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MARK R. GILLITZER,**
Plaintiff,

v.

**CARL ZEISS VISION INC.,**
Defendant.

**Case No. 26-cv-4754 (ECT/DLM)**
Judge: Hon. Eric C. Tostrud
Magistrate Judge: Hon. Douglas L. Micko

**DEMAND FOR JURY TRIAL**

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION, FAILURE TO ACCOMMODATE, UNLAWFUL RETALIATION, AND HOSTILE WORK ENVIRONMENT

## DEMAND FOR JURY TRIAL

Plaintiff Mark R. Gillitzer, proceeding pro se, for his Complaint against Defendant Carl Zeiss Vision Inc., alleges and states as follows:

## I. JURISDICTION AND VENUE

**1.** This civil action arises under Title I and Title V of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 et seq., and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 et seq.

**2.** Subject matter jurisdiction over Plaintiff's federal ADA claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 42 U.S.C. § 12117.

**3.** Supplemental jurisdiction over Plaintiff's state law MHRA claims is conferred pursuant to 28 U.S.C. § 1367(a), as the state claims derive from a common nucleus of operative facts with the federal claims and form part of the same case or controversy.

**4.** Venue is proper in the U.S. District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b) because Defendant maintains an active manufacturing facility in St. Cloud, Minnesota, and the unlawful employment practices occurred entirely within this judicial district.



SCANNED
NOV 2 3 2026
U.S. DISTRICT COURT MPLS

## II. ADMINISTRATIVE EXHAUSTION

**5.** On or about June 16, 2026, Plaintiff timely filed a formal Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC Charge No. 444-2026-00806) alleging disability discrimination, bad-faith failure to accommodate, hostile work environment, and retaliatory discharge.

**6.** On September 15, 2026, the EEOC Minneapolis Area Office issued a formal Determination and Notice of Rights (Notice of Right to Sue).

**7.** Plaintiff received the EEOC Notice of Right to Sue on September 15, 2026, and files this civil action within ninety (90) calendar days of receipt, satisfying all statutory administrative prerequisites.

## III. PARTIES

**8.** Plaintiff Mark R. Gillitzer is an adult resident of the State of Minnesota, residing in Saint Cloud, Stearns County, Minnesota. At all times relevant hereto, Plaintiff was a qualified individual with a disability within the meaning of 42 U.S.C. § 12102 and Minn. Stat. § 363A.03, subd. 12.

**9.** Defendant Carl Zeiss Vision Inc. (ZEISS) is a foreign corporation authorized to conduct business in Minnesota, operating a commercial optics manufacturing facility at 4605 Rusan Street, St. Cloud, MN 56303. Defendant employs more than 15 employees and is an 'employer' subject to the ADA, 42 U.S.C. § 12111(5), and the MHRA, Minn. Stat. § 363A.03, subd. 16.

## IV. FACTUAL ALLEGATIONS

**A.** Protected Disability & Automated Corporate Notice

**10.** On June 24, 2024, Defendant hired Plaintiff as a full-time Maintenance Technician I at its St. Cloud, Minnesota manufacturing facility.

**11.** Systemic Workday Notice: On his hire date of June 24, 2024, Defendant officially registered notice in its automated Workday Disability Registry system that Plaintiff is an individual with a protected disability requiring workplace support, specifically designated as 'Verbal Expression' (Exhibit 3).

**12.** Plaintiff has clinical diagnoses of Autism Spectrum Disorder (ASD, Requiring Support), Major Depressive Disorder, and Social Anxiety Disorder (documented by clinical psychological assessment dated October 23, 2024, Exhibit 2), which substantially limit major life activities including verbal communication, social interaction, and executive function under acute stress.

**B.** Written Disability Disclosures & Accommodation Double Standard

**13.** Written HR Disclosure: On March 18, 2025, Plaintiff submitted a formal written disclosure to HR Business Partner Julie Kerr (Exhibit 4), explicitly stating:

> *"I have autism spectrum disorder. One of the biggest obstacles in advocating for myself is that my communication breaks down when I get overwhelmed."*

**14.** Despite having explicit written notice of Plaintiff's verbal communication limitations, Defendant acted in bad faith during the interactive process by erecting procedural hurdles, forcing Plaintiff to navigate a rigid, adversarial third-party phone system (The Hartford / Cigna, Exhibit 5) to request basic rest-break accommodations.

**15.** PWFA vs. ADA Double Standard: Concurrently, Defendant maintained a streamlined, in-house accommodation approval process for pregnancy-related rest breaks under the Pregnant Workers Fairness Act (PWFA, Exhibit 5), while refusing in-house assistance to an autistic employee with known verbal communication barriers.

**C.** Targeted Career Stagnation & Disparate Treatment

**16.** Throughout 2024 and 2025, Plaintiff performed his essential job duties competently, receiving an overall 'Meets Expectations' performance appraisal signed by Maintenance Supervisor Aaron Kreiling (Exhibit 9).

**17.** However, supervisor Aaron Kreiling systematically blocked Plaintiff from specialized equipment training (including MEI Chicago training and Refer Certification), updating Plaintiff's Workday evaluation on September 30, 2025, to keep 'Outside Training' in a permanent 'To be discussed' status, while routinely sending neurotypical technicians to outside certifications (Exhibit 10).

**18.** Promotional Blocking & Economic Injury: Immediately following Plaintiff's termination, Defendant posted a job listing on Indeed for a 'Technician II, Maintenance' role at the St. Cloud facility paying $22.00 to $28.00 per hour (Exhibit 11), demonstrating that Plaintiff was discriminatorily blocked from career advancement and higher compensation.

**D.** Protected Opposition & 24-Hour Retaliatory Discharge

**19.** On October 6, 2025, supervisor Aaron Kreiling issued Plaintiff a disciplinary warning regarding medical rest breaks. When Plaintiff objected, Kreiling stated on the record: 'I'm actually writing you up. It's not a threat.' (Exhibit 12).

**20.** Formal Written Discrimination Complaint: On October 8, 2025, at 12:33 PM, Plaintiff engaged in statutorily protected opposition by sending a formal written complaint to Julie Kerr (Exhibit 6), stating:

> *"I have to take medication throughout the day and I have been using my personal breaks to take care of this... You guys can't discriminate against someone for their medical condition."*

**21.** 24-Hour Retaliatory Discharge: Less than 24 hours later, on October 9, 2025, at 12:39 PM, Julie Kerr issued Plaintiff an official notice of summary involuntary termination (Exhibit 7).

**E.** Pretext Dismantled by Binding State Administrative Ruling

**22.** Defendant claimed Plaintiff was terminated for a conduct 'outburst' during an accommodation review meeting on October 9, 2025.

**23.** Binding ULJ Finding of No Misconduct: Following an evidentiary hearing under oath, a Minnesota Unemployment Law Judge (ULJ) issued a binding decision on January 27, 2026 (DEED Document ID 172404449, Exhibit 1), making specific findings of fact:

> *"Gillitzer has a diagnosed autism spectrum disorder... Gillitzer was not yelling or swearing during the meeting... Gillitzer had become overwhelmed during the meeting and had mentally shut down. He had asked to leave the meeting due to his inability to communicate but was not approved to do so. His conduct was a consequence of his medical condition... Gillitzer's conduct does not amount to employment misconduct."*

**24.** Under Eighth Circuit precedent (Huber v. Westar Foods, Inc.), because Plaintiff's communicative shutdown was inextricably intertwined with his protected disability, Defendant's conduct-based pretext fails as a matter of law.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION & DISPARATE TREATMENT

(ADA, 42 U.S.C. § 12112(a) & MHRA, Minn. Stat. § 363A.08, subd. 2)

**25.** Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

**26.** Plaintiff is a qualified individual with a disability within the meaning of the ADA and MHRA, capable of performing the essential functions of his position with or without reasonable accommodation.

**27.** Defendant subjected Plaintiff to disparate treatment and adverse employment actions—including disciplinary warnings, denial of promotional equipment training, wage stagnation, and discharge—because of his protected disability.

**28.** As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered substantial economic damages, lost promotional wages, severe emotional distress, humiliation, and loss of enjoyment of life.

## COUNT II: FAILURE TO ACCOMMODATE & INTERACTIVE PROCESS BAD FAITH

(ADA, 42 U.S.C. § 12112(b)(5)(A) & MHRA, Minn. Stat. § 363A.08, subd. 6)

**29.** Plaintiff realleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

**30.** Defendant had both automated Workday corporate notice and written HR notice of Plaintiff's ASD verbal communication barriers and need for medical break accommodations.

**31.** Defendant failed to engage in a good-faith interactive process by erecting third-party phone barriers while exempting other conditions, refusing reasonable modifications, and disciplining Plaintiff for taking necessary medication breaks.

**32.** Under the Eighth Circuit intertwinement doctrine, Defendant unlawfully penalized and discharged Plaintiff for communicative symptoms inextricably bound to his disability.

## COUNT III: UNLAWFUL RETALIATION & REPRISAL

(MHRA Reprisal, Minn. Stat. § 363A.15 & ADA Title V, 42 U.S.C. § 12203)

**33.** Plaintiff realleges and incorporates paragraphs 1 through 32 as if fully set forth herein.

**34.** Plaintiff engaged in statutorily protected opposition under the ADA and MHRA on October 8, 2025, by submitting a formal written complaint challenging medical break discrimination.

**35.** Defendant retaliated against Plaintiff by terminating his employment less than 24 hours later on October 9, 2025, demonstrating conclusive temporal proximity and retaliatory animus.

**36.** Under Minn. Stat. § 363A.15, Plaintiff is entitled to full legal damages, trial by jury, and treble (3x) economic damages for retaliatory discharge, completely bypassing federal ADA Title V restrictions (Alvarado v. Cajun Operating Co.).

**COUNT IV: HOSTILE WORK ENVIRONMENT BASED ON DISABILITY**
(ADA Title I & MHRA, Minn. Stat. § 363A.03, subd. 43)

**37.** Plaintiff realleges and incorporates paragraphs 1 through 36 as if fully set forth herein.

**38.** Defendant subjected Plaintiff to severe and pervasive workplace harassment based on his disability, including heightened surveillance, targeted break discipline to eliminate bonus eligibility, supervisor threats, false accusations, and career sabotage.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Carl Zeiss Vision Inc., awarding the following relief:

**A.** Full back pay, lost wages, overtime, and lost performance bonuses calculated under the Technician II promotional wage rate ($22.00 to $28.00 per hour);

**B.** Front pay and future economic damages for loss of career advancement and earnings trajectory;

**C.** Uncapped compensatory damages for emotional distress, pain, suffering, mental anguish, and loss of enjoyment of life pursuant to the Minnesota Human Rights Act;

**D.** Treble (3x) economic and compensatory damages as authorized by Minn. Stat. § 363A.33;

**E.** Statutory attorney's fees, expert witness fees, litigation expenses, and costs of this action pursuant to 42 U.S.C. § 12205 and Minn. Stat. § 363A.33;

**F.** Pre-judgment and post-judgment interest on all accrued sums as provided by law; and

**G.** Such other and further legal or equitable relief as the Court deems just, proper, and equitable.

## VII. JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38.1 of the United States District Court for the District of Minnesota, Plaintiff hereby demands a trial by jury on all issues and claims so triable in this action.

Dated: November 17, 2026

Respectfully submitted,

Mark Gillitzer

**Mark R. Gillitzer, Plaintiff Pro Se**
8945 Ivy Road
Saint Cloud, MN 56301
Telephone: (320) 339-0257
Email: homerbogg@outlook.com